**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE MEDINA, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| CONVERGENT OUTSOURCING, INC. and JEFFERSON CAPITAL SYSTEMS, LLC, | |
| Defendants. | |

Plaintiff JOSE MEDINA, on behalf of himself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendants CONVERGENT OUTSOURCING, INC. and JEFFERSON CAPITAL SYSTEMS, LLC, and their employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. §

1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Bergen County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

5. Based upon information and belief, Defendant CONVERGENT OUTSOURCING, INC. ("Convergent") is a Washington corporation with its principle place of business located at 800 SW 39th St., P.O. Box 9004, Renton, WA 98057.

6. Based upon information and belief, Defendant JEFFERSON CAPITAL SYSTEMS, LLC ("Jefferson Capital") is a Minnesota Limited Liability Company with its principle place of business located at 16 McLeland Road, St. Cloud, MN 56393.

7. Based upon information and belief, each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendants is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

8. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

9. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant Convergent which listed Defendant Jefferson Capital as the Creditor and which contained at least one of the alleged violations of 15 U.S.C. §1692 et. seq. herein.

- The Class period begins one year prior to the filing of this Action.

10. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
    a. Whether Defendants violated various provisions of the FDCPA.
    b. Whether the Defendants was seeking to collect on a time-barred debt;
    c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;
    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants'

4

wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will

continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

11. Plaintiff was at all times with respect to this lawsuit a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12. On or before June 7, 2016, Plaintiff allegedly incurred a debt ("the Debt") which was owed to TD Bank N.A. ("TD Bank")

13. The Debt arose out of a transaction in which money, property, insurance or services were the subject of the transaction, and were primarily for personal, family or household purposes. As such, the Debt is a consumer debt within the meaning of the statute.

14. The Debt obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. At some point in time prior to June 7, 2016, the Debt was assigned transferred, sold or assigned to directly or through one or more intermediaries from TD Bank to Jefferson Capital.

16. At some point prior to June 7, 2016, Defendant Jefferson Capital assigned the Debt to Defendant Convergent for purposes of collection.

17. On or about June 7, 2016, Convergent sent a Plaintiff a letter ("The Collection Letter") seeking to collect on behalf of Jefferson Capital a balance from Plaintiff in the amount of $334.53. A copy of this Collection Letter is attached as Exhibit A.

18. The Collection Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

19. Upon receipt, Plaintiff read the Collection Letter.

20. The Collection Letter offered to "settle" the account for 50% of the total balance due.

21. The use of the term "settle" may imply to the least sophisticated consumer a threat of a lawsuit.

22. The applicable statute of limitations related to the TD Bank obligation expired prior to June 7, 2016.

23. There was no language on either the front or back of the letter expressly stating that the debt was time barred.

24. Instead, there was confusing language hidden on the back of the Collection Letter which stated:

> "We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance."

25. However, this language only stated that that "We" -- Convergent, the debt collector -- could not sue to collect on the debt, but made no representation that the current creditor and owner of the debt – Jefferson Capital -- could not sue on the debt. Furthermore, the language in the letter does not make any clear reference to the statutee of limitations, and that it had already passed.

7

26. Defendant's offer to settle the time-barred Debt without explicit notification to Plaintiff that the debt is time barred would mislead or deceive the least sophisticated consumer into believing that the debt was legally enforceable by the Defendant Jefferson Capital, the creditor.

27. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. <u>United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC</u>, Case No.; 8:12-cv-182-T-27EAJ 9M.D.Fla).

28. Defendants regularly sent letters seeking to collect debts which were time-barred.

29. Defendants regularly sent letters seeking to collect debts which were time-barred, but did not inform the consumer that the applicable statute of limitations has passed and that the consumer could not be sued on the debt by the current creditor

30. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

31. Plaintiff suffered actual harm by being the target of Defendants'

misleading debt collection communications.

32. Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

33. Defendants violated Plaintiff's right to a trustful and fair debt collection process.

34. Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

35. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

36. Defendants' June 7, 2016 collection letter which provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

37. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff

9

of his or her right to enjoy these benefits.

39. As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

40. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

41. The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

42. Defendants' failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter.

43. The deceptive communications additionally violated the FDCPA since they frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) By making false representations of the character or legal status of a debt; and

    (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

45. On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT ONE

### (Fair Debt Collection Practices Act Violation)

46. Plaintiff repeats the allegations contained in paragraphs 1 through 45 as if the same were set forth at length.

47. Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff.

48. Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with an attempt to collect a debt from Plaintiff.

50. Defendants violated 15 U.S.C. 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of a debt.

51. Defendants violated 15 U.S.C. 1692e(2)(B) of the FDCPA by falsely representing any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

52. Defendants violated 15 U.S.C. 1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended to be taken.

53. Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

54. Defendants violated 15 U.S.C. §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt.

55. Defendants violated 15 U.S.C. §1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not permitted by law.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   June 7, 2017                                    Respectfully submitted,

> By: s/ Lawrence C. Hersh
> Lawrence C. Hersh, Esq.
> 17 Sylvan Street, Suite 102B
> Rutherford, NJ  07070
> (201) 507-6300
> *Attorney for Plaintiff, and all others similarly situated*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

      I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: June 7, 2017             By: s/ Lawrence C. Hersh
                                                         Lawrence C. Hersh, Esq.

EXHIBIT A

ATERSO01
PO Box 1022
Wixom MI 48393-1022
CHANGE SERVICE REQUESTED

**Convergent**
Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 8AM-5PM PT
800-423-9397

Date: 06/07/2016
Creditor: Jefferson Capital Systems, LLC
Client Account #: ▇▇▇▇0841

Convergent Account #: ▇▇▇▇3922
Debt Description: TD Bank N.A. Checking Acc

Jose G Medina

Settlement In Full: $ 167.27

Total Balance:    $ 334.53

**Settlement Offer**

Dear Jose G Medina:

This notice is being sent to you by a collection agency. The records of Jefferson Capital Systems, LLC show that your account has a past due balance of $ 334.53.

Our client has advised us that they are willing to settle your account for 50% of your total balance due to settle your past balance. The full settlement must be received in our office by an agreed upon date. If you are interested in taking advantage of this offer, call our office within 45 days of this letter. Your settlement amount would be $ 167.27 to clear this account in full. Even if you are unable to take advantage of this offer, please contact our office to see what terms can be worked out on your account. We are not required to make this offer to you in the future.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**NOTICE: PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.**



**3 CONVENIENT WAYS TO PAY:**

Pay Online: Email our office or pay your bill online with your credit/debit card or checking account at www.payconvergent.com. Your temporary identification number is: 13.48183922.567

Pay by Phone: Please call Convergent Outsourcing, Inc. at 800-423-9397. We offer check by phone, Western Union, and debit card.""We offer check by phone, Western Union, and credit/debit card.

Pay by Mail: Send Payments to Convergent Outsourcing, Inc., PO Box 9004, Renton WA 98057-9004

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT. BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS ON
REVERSE SIDE APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

147054239

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

**Notice about Electronic Check Conversion**: When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. Also, you authorize us to represent a check as an electronic fund transfer from your account if your payment is returned unpaid.

We cannot sue to collect this debt and providing a partial payment may revive the creditor's ability to sue to collect the balance.